IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

WILLIE GREEN, )
)
                Plaintiff, )
)
v. ) No. CIV 12-186-RAW-SPS
)
MR. HININGER, et al., )
)
                Defendants. )

## OPINION AND ORDER

     This action is before the court on the defendants' motions to dismiss or for summary judgment and the court's own motion to consider dismissal of this action as frivolous. The court has before it for consideration plaintiff's complaint, the defendants' motions, and plaintiff's response. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Davis Correctional Facility (DCF) in Holdenville, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at that facility. The defendants are Mr. Hininger (called Henniger by plaintiff), President and C.E.O. of Corrections Corporation of America (CCA); Dr. Donald Sutmiller, DOC Chief Medical Officer; Kathy Miller, DCF Correctional Health Services Administrator; Dr. Rieheld (named in the complaint as Dr. Rienhold), CCA Physician; Robert Ezell, DCF Warden; and Genese McCoy, DOC Medical Services Administrator.[1]

     Plaintiff alleges the defendants condoned unlawful surgery on him at DCF on July 27, 2011. He claims that in the course of an annual check-up that day, he told Dr. Reiheld that he had a boil on his back, although it had healed considerably with antibiotic treatment. Afterward, he was escorted to a medical room by Sgt. Wright and Sgt. Amatto.

     Dr. Reiheld told plaintiff to lie on his right side. Before starting the procedure, the

---

[1] Defendant Ezell has not been served.

doctor allegedly described a movie in which a warden allowed prison officials to torture inmates who were disliked by the administration. Plaintiff claims Dr. Reiheld previously had told plaintiff he had a "personal problem" with him.

As the surgery was about to begin, Sgt. Amatto asked the doctor if he was going to numb the area before proceeding, and Dr. Reiheld said he would not use an anesthetic. Plaintiff did not think the doctor was serious, and he thought the doctor's answer was merely a sarcastic reply. Plaintiff then asked the doctor whether he would numb the area, and again Dr. Reiheld said "no." Plaintiff became alarmed and "started to reject the procedure," but the doctor proceeded to make an incision and place a sharp instrument inside his body, causing him to scream in terrible pain. Dr. Reiheld did not care, and he continued despite plaintiff's pain. Sgt. Wright was laughing the entire time and saying, "I want to see you cry. Let me see you cry." Sgt. Amatto told Wright it was not funny and that he would not want a doctor to do it to him, because he knew it was painful. When the procedure ended, plaintiff said Dr. Reiheld should be fired for harming him like that, and Sgt. Wright stated it was not the first time Reiheld had used that method of surgery. Plaintiff claims the procedure caused him "horrible pain, suffering, mental and emotional anguish, fright, shock, and other physical, emotional, and psychological injuries."

Plaintiff claims Defendant Kathy Miller, Administrator of Correctional Health Services, advised him that it would have taken numerous injections to attempt to anesthetize the small area where the boil was located, and there was no guarantee the area would have been numb. Miller also told him the injections to anesthetize the area usually are more painful than one small incision. Plaintiff disagrees with Miller, because he previously had a similar surgery on his wrist for another boil, and in that instance the doctor used a local anesthetic.

Plaintiff asserts Defendant Warden Ezell condoned this surgery and had knowledge that Dr. Reiheld was performing these procedures on inmates, in violation of the prohibition against cruel and unusual punishment. Plaintiff also complains that Defendant Kathy Miller

2

obstructed his access to the grievance policy concerning the alleged unnecessary infliction of pain by Dr. Reiheld.

Plaintiff alleges he asked Nurse Chastine whether there was a policy authorizing a doctor to cut a patient's body open without using a local anesthetic. Chastine said there was such a policy but would not tell plaintiff the specifics of the policy. Plaintiff advised Defendant Miller of his conversation with Nurse Chastine, and again he was not allowed to access the grievance process.

According to plaintiff, DOC Defendants Genese McCoy and Hininger are the final policymakers, so they are liable for plaintiff's alleged injury. Both McCoy and Hininger were aware of the medical practice at DCF, and they stated the issue of an anesthetic was the clinician's decision, but if a patient tells the clinician he is experiencing pain during a procedure, a local anesthetic could be used. Plaintiff argues that his screaming during the procedure did not deter Dr. Reiheld.

### DOC Defendants McCoy and Sutmiller

Defendants Genese McCoy and Dr. Don Sutmiller have moved for dismissal based on the absence of their personal participation in the incident of which plaintiff complains. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id. See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Furthermore, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted).

To the extent plaintiff is alleging a conspiracy among the defendants, this claim also is meritless. Conclusory allegations of a conspiracy will not suffice. *Wise v. Bravo*, 666 F.2d

3

1328, 1333 (10th Cir. 1981). In order for a plaintiff to recover on a conspiracy claim under §1983, he must establish an actual deprivation of his rights, in addition to proving that a conspiracy actually exists. *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990). The court finds plaintiff has failed to meet this burden of providing evidence to support his claims against Defendants McCoy and Sutmiller.

### DCF/CCA Defendants Hininger, Miller, and Reiheld

Defendants Hininger, Miller, and Rieheld also have moved for dismissal, alleging plaintiff's claim that he was subjected to constitutionally inadequate medical care fails on its face. Defendant Hininger is the President and Chief Executive Officer of Corrections Corporation of America, which owns and operates the Davis Correctional Facility. Defendant Miller is the DCF Health Services Supervisor. Plaintiff claims both Hininger and Miller are liable, because their respective positions make them "responsible," but he does not allege their personal participation when the medical procedure was performed.

As discussed above, plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell*, 80 F.3d at 1441. Further, "[s]ection 1983 will not support a claim based on a respondeat superior theory of liability." *Polk County*, 454 U.S. at 325. Because plaintiff has not alleged the personal participation of Defendants Hininger and Miller, his claims against them also fail.

The court further finds plaintiff has failed to state a claim against Defendant Dr. Reiheld. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court addressed the Eighth Amendment's prohibition against cruel and unusual punishment in the context of medical attention:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under §1983. (Citations and footnotes omitted).

4

*Id.*, 429 U.S. at 104-05.

With this standard in mind the court is of the view that the acts complained of do not show deliberate indifference to plaintiff's medical needs as alleged. Even assuming a boil is sufficiency serious, it is clear from the record that medical care was provided. Where there is such evidence of a "series of sick calls, examinations, diagnoses, and medication . . . it cannot be said there was a 'deliberate indifference' to the prisoner's complaints." *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976). To the extent plaintiff is complaining about Dr. Reiheld's decision to lance the boil without a local anesthetic, the court finds plaintiff is merely asserting a difference of opinion as to the kind and quality of medical treatment necessary under the circumstances. It is well settled that this type of disagreement fails to give rise to a cause of action under § 1983. *See McCracken v. Jones*, 562 F.2d 22, 24 (10th Cir. 1977), *cert. denied*, 435 U.S. 917 (1978), and cases cited therein.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

5

**ACCORDINGLY,** this action is, in all respects, **DISMISSED** as frivolous. This dismissal shall count as a **STRIKE**, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 23rd day of September 2013.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**